Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
One SW Columbia, Suite 1850
Portland, OR 97203
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CORNELIUS JEFFERSON**, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | Unlawful Employment Practices |
| **FEDERAL EXPRESS CORPORATION,** | (ORS 659A.030; 42 U.S.C. § 1981; ORS 659A.199) |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney fees for himself to redress injuries done to him by Defendant

COMPLAINT - 1

or officers, employees or agents of said Defendant in contravention of his federally protected rights in violation of the 42 U.S.C. 1981, and his state protected rights in violation of Oregon anti-discrimination laws, ORS 659A.030 and ORS 659A.199.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

## General Factual Allegations

4.

Defendant was and is at all times herein mentioned a Delaware Corporation with its principal place of business in Memphis, Tennessee.  Defendant is also known as or does business as FedEx, FedEx Express, and Federal Express.

5.

Defendant transacted business, including but not limited to hiring and employing Plaintiff, in Portland, Oregon.

6.

Plaintiff was and is a resident of Oregon at all material times herein.

7.

At all material times herein, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management for Defendant.

///

///

8.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, racial discrimination and racial harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination.

9.

Plaintiff is a black, African American male.

10.

Defendant hired Plaintiff on or about October 18, 2018.

11.

During Plaintiff's employment with Defendant Plaintiff was subjected to severe and/or pervasive racially discriminatory comments and actions including but not limited to the following:

a.      Being asked by a coworker why she cannot call him a nigger.

b.      Being told by a coworker you all call each other nigger.

c.      Being told by a coworker "I am not sure why *you* people are so sensitive about the N-word" or words to that effect.

d.      Being called "black CJ" by coworkers instead of using Plaintiff's name.

e.      Changing Plaintiff's schedule to a less desirable schedule.

f.      Failing to give Plaintiff more hours despite his requests but scheduling white employees for more hours.

g.      Not properly informing Plaintiff of his schedule changes.

h.      Denying Plaintiff access to his personnel file.

i.      Giving Plaintiff heightened scrutiny and discipline.

j.      Not providing Plaintiff with work assistance in performing his duties.

k.      Various comments and innuendoes about race.

///

///

///

12.

Plaintiff reported and complained to management and Human Resources ("HR") about the discrimination and harassment.  Management participated and/or witnessed some of the discrimination and harassment.

13.

In or around July of 2019, Plaintiff informed Defendant he would be contacting BOLI because he felt Defendant was doing nothing about Plaintiff's complaints.

14.

On or about August 6, 2019, Plaintiff was speaking to management about the discrimination and harassment and the fact he had complained to HR. Management told Plaintiff he needed to write a statement about the discrimination and harassment there in the office.

15.

While working on the statement, Plaintiff became emotional and began to cry. Plaintiff asked to leave to take a walk and get some fresh air.  Plaintiff's manager told Plaintiff to go with him on a ride in the manager's car.

16.

While riding in the manager's car, Plaintiff called his mother and spoke with her.  The manager was also on the phone during the ride.  Plaintiff overheard his manager asking, "are they there?" or words to that effect.  The manager drove Plaintiff back to work where police officers were waiting.  The police took Plaintiff into custody and drove him to Legacy Mental Health where he was seen and released on the same day.

17.

Plaintiff was in contact with Defendant to try to come back to work.  Plaintiff attempted to comply with all of Defendant's requirements to return to work and believed he did comply with all of Defendant's requests.

///

18.

In or about early October of 2019, Defendant informed Plaintiff that an investigation had been completed regarding the racially discriminatory language. Based on the information Plaintiff received, he understood that Defendant would take no action to address the discrimination and/or harassment.

19.

Plaintiff had no reasonable alternative but to end his employment with Defendant on or about October 29, 2019.

## First Claim for Relief
## 42 U.S.C. § 1981 – Discrimination

20.

Plaintiff realleges paragraphs 1 through 19.

21.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to constructively discharging Plaintiff, on the basis of his race in violation of 42 U.S.C. § 1981.

22.

As a result of the discrimination by Defendant, Plaintiff has incurred economic damages including lost wages in an amount to be proven at trial and Plaintiff will continue to have lost income and benefits into the future.

23.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

24.

Defendant's conduct was willful, malicious and/or done with reckless indifference to plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

25.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. § 1988.

## Second Claim for Relief
## ORS 659A.030 – Discrimination

26.

Plaintiff realleges paragraphs 1 through 25.

27.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to constructively discharging Plaintiff, on the basis of his race in violation of ORS 659A.030.

28.

As a result of the discrimination by Defendant, Plaintiff has incurred economic damages including lost wages in an amount to be proven at trial and Plaintiff will continue to have lost income and benefits into the future.

29.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

30.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

31.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

///

///

**Third Claim for Relief**

**42 U.S.C. § 1981 – Hostile Work Environment**

32.

Plaintiff realleges paragraphs 1 through 31 above as fully set forth herein.

33.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

34.

Plaintiff realleges his damages as stated in Paragraphs 22 through 25 above.

**Fourth Claim for Relief**

**ORS 659A.030 – Hostile Work Environment**

35.

Plaintiff realleges paragraphs 1 through 34.

36.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

37.

Plaintiff realleges his damages as stated in Paragraphs 28 through 31 above.

**Fifth Claim for Relief**

**42 U.S.C. § 1981 – Retaliation**

38.

Plaintiff realleges paragraphs 1 through 37.

///

39.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 1981.

40.

Plaintiff realleges his damages as stated in Paragraphs 22 through 25 above.

### Sixth Claim for Relief

### ORS 659A.030 – Retaliation

41.

Plaintiff realleges paragraphs 1 through 40.

42.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

43.

Plaintiff realleges his damages as stated in Paragraphs 28 through 31 above.

### Seventh Claim for Relief

### ORS 659A.199 – Whistleblower Retaliation

44.

Plaintiff realleges paragraphs 1 through 43.

45.

Defendant retaliated against Plaintiff in the terms and conditions of his employment in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be violations of federal and/or state laws, rules, or regulations.

46.

Plaintiff realleges his damages as stated in Paragraphs 28 through 31 above.

///

///

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any harassment or discrimination based on race or for retaliating against any employee opposing unlawful employment practices;

2.    Economic damages and future losses to be determined at trial;

3.    Non-economic damages to be determined at trial;

4.    Punitive damages in an amount to be determined at trial;

5.    Reasonable costs and attorney fees; and

6.    For such other and further relief as the Court may deem just and equitable.


DATED this 5th day of August, 2020.


BAKER LAW PC


*s/ Aaron W. Baker*
Aaron W. Baker, OSB #922220
Attorney for Plaintiff

COMPLAINT - 9