IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORNELIUS JEFFERSON,

           Plaintiff,

    v.

FEDERAL EXPRESS CORPORATION,

           Defendant.

No. 3:20-cv-01314-HZ

OPINION & ORDER

Aaron W. Baker
Serena Liss
BAKER LAW PC
1 SW Columbia Street, Suite 1850
Portland, OR 97258

    Attorneys for Plaintiff

Brian K. Coleman
Christopher M. Ahearn
Gabriel Paul McGaha
Joseph Reafsnyder
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road, Building B
Memphis, TN 38125

Michael G. McClory
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

    Before the Court is Defendant Federal Express Corporation's Bill of Costs. As is further discussed below, Defendant's Bill of Costs is denied as untimely.

## BACKGROUND

    Plaintiff Cornelius Jefferson filed this action alleging that Defendant, Plaintiff's former employer, engaged in unlawful employment practices. Defendant filed a Motion for Summary Judgment, ECF 28, and the Court granted Defendant's Motion for Summary Judgment and entered judgment on October 23, 2021. ECF 41, 42. On November 11, 2021, Defendant filed a Bill of Costs, seeking $1,676.75 in costs for recorded deposition transcript fees and notary services. ECF 43-1. Plaintiff objects to Defendant's Bill of Costs. ECF 44.

## STANDARDS

    Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to the prevailing party." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion." *Id.* at 593 (citations and quotation marks omitted).

## DISCUSSION

The Local Rules of this District provide that a prevailing party may file a Bill of Costs "[n]ot later than fourteen (14) days after entry of judgment." LR 54-1(a) (2021). In this case, Defendant filed its Bill of Costs on November 11, 2021, sixteen days after entry of judgment. ECF 42. Defendant concedes that it untimely filed its Bill of Costs by two days. Def. Reply Bill of Costs 2, ECF 46. Although Defendant is correct that the Court may exercise its discretion to award costs, the Court concludes that it would be inappropriate to do so here given that the Bill of Costs was untimely filed pursuant to the Local Rules. *See Williams v. Thompson*, No. 3:16-CV-02074-AC, 2019 WL 8440513, at *3 (D. Or. May 2, 2019) (denying Bill of Costs as untimely when filed nineteen days after entry of judgment). Accordingly, Defendant's Bill of Costs is denied as untimely.

## CONCLUSION

Defendant's Bill of Costs, ECF 42, is DENIED.

IT IS SO ORDERED.


DATED:    January 27, 2022    .

MARCO A. HERNÁNDEZ
United States District Judge


3 – OPINION & ORDER